# IN THE COURT OF APPEALS OF IOWA

No. 15-0443
Filed September 10, 2015

**IN THE INTEREST OF T.S.,**
Minor Child,

**R.S., Father,**
Appellant.

_____

Appeal from the Iowa District Court for Boone County, James B. Malloy, District Associate Judge.

A father appeals from an order terminating his parental rights in a private termination proceeding under Iowa Code chapter 600A (2013). **AFFIRMED.**

Nicolas G. Fontanini of Jordan & Mahoney Law Firm, P.C., Boone, for appellant.

Nicole S. Facio of Newbrough Law Firm, L.L.P., Ames, for appellees.

Lucas J. Richardson of Terrill, Richardson, Hostetter & Madson Law Offices, Ames, attorney and guardian ad litem for minor child.

Considered by Vaitheswaran, P.J., and Potterfield and McDonald, JJ.

**MCDONALD, J.**

A father appeals an order terminating his parental rights to his ten-year old child, T.S., pursuant to Iowa Code section 600A.8(3)(b) (2013). The father argues there is not clear and convincing evidence he abandoned the child. He also argues there is not clear and convincing evidence the termination of his parental rights was in T.S.'s best interests. The mother consented to the termination of her parental rights, and she has not pursued an appeal.

We review termination proceedings brought pursuant to Iowa Code chapter 600A de novo. *See In re C.A.V.*, 787 N.W.2d 96, 99 (Iowa Ct. App. 2010). We are not bound by the district court's factual findings, but we afford them weight, particularly findings on the credibility of witnesses. *See id.* Our primary concern is the best interests of the child. *See id.*; *see also* Iowa Code § 600A.1 ("The best interest of the child subject to the proceedings of this chapter shall be the paramount consideration in interpreting this chapter.").

In a private termination proceeding, the petitioners must establish by clear and convincing evidence the statutory ground or grounds authorizing the termination of parental rights. *See* Iowa Code § 600A.8; *In re R.K.B.*, 572 N.W.2d 600, 601-02 (Iowa 1998). If the statutory ground or grounds are proved, the petitioners must also prove the termination of parental rights is in the best interests of the child. *See* Iowa Code § 600A.1; *R.K.B.*, 572 N.W.2d at 602. While the best interests of the child is the primary concern of the termination proceeding, the interests of the parents shall be given due consideration. *See* Iowa Code § 600A.1; *R.K.B.*, 572 N.W.2d at 601.

Abandonment of a minor child is one of the grounds for the termination of parental rights authorized by Iowa Code chapter 600A. *See* Iowa Code § 600A.8(3). Chapter 600A defines abandonment of a minor child as "reject[ing] the duties imposed by the parent-child relationship . . ., which may be evinced by the person, while being able to do so, making no provision or making only a marginal effort to provide for the support of the child or to communicate with the child." Iowa Code § 600A.2(19). Specifically,

> If the child is six months of age or older when the termination hearing is held, a parent is deemed to have abandoned the child unless the parent maintains substantial and continuous or repeated contact with the child as demonstrated by contribution toward support of the child of a reasonable amount, according to the parent's means, and as demonstrated by any of the following:
> (1) Visiting the child at least monthly when physically and financially able to do so and when not prevented from doing so by the person having lawful custody of the child.
> (2) Regular communication with the child or with the person having the care or custody of the child, when physically and financially unable to visit the child or when prevented from visiting the child by the person having lawful custody of the child.
> (3) Openly living with the child for a period of six months within the one-year period immediately preceding the termination of parental rights hearing and during that period openly holding himself or herself out to be the parent of the child.

Iowa Code § 600A.8(3)(b). The petitioners need not establish the father's subjective intent to abandon the child. *See* Iowa Code § 600A.8(3)(c); *In re G.A.*, 826 N.W.2d 125, 130-31 (Iowa Ct. App. 2012) (recognizing that a parent's subjective intent does not preclude a finding of abandonment); *In re C.J.F.M.*, No. 10–0166, 2010 WL 3157756, at *2 (Iowa Ct. App. Aug. 11, 2010) (recognizing the "intention to abandon is no longer a statutory element in the definitions of Iowa Code chapter 600A").

On de novo review, we conclude the petitioners established the father has abandoned the child. This termination proceeding was initiated by T.S.'s grandparents, who became T.S.'s guardians after the child was removed from the mother and adjudicated in need of assistance approximately eight years ago. The father has not resided with the child since the child was an infant. T.S.'s father has provided nominal financial support for the child over the years, but he has not maintained any relationship with T.S. The father last visited with the child in October 2007 even though the father lived only two blocks away from the child through the end of 2008. The father now travels to Boone, where the child resides, every other week for work but has not made arrangements to visit the child. The father has not contacted the guardians to request visitation with T.S. or to even inquire about T.S. since 2012. The father claims his prior attempts to contact T.S. have been rebuffed by T.S.'s guardians. However, the evidence established these prior attempts occurred only on a handful of occasions when, by happenstance, the father happened to be in the same public place as T.S.'s guardians. The father never followed up with a request for visitation or for communication with T.S. At trial, the father testified he has no intent to initiate contact with the child but is waiting for the child to initiate contact when the child is ready. There is sufficient evidence to establish abandonment. *See In re H.L.*, No. 14-1288, 2015 WL 4642424, at *1-2 (Iowa Ct. App. Aug. 5, 2015) (finding abandonment when father's only contact with child in seven years was a letter stating child was eligible for dependent social security disability benefits, which child applied for and received); *In re D.S.P.*, No. 09-1188, 2010 WL 445690, at

*3-4 (Iowa Ct. App. Feb. 10, 2010) (affirming abandonment when father "largely gave up" trying to contact his child after his initial attempts failed).

We also conclude the petitioners have established it is in the best interests of the child to terminate the father's parental rights. T.S. has been raised by his grandparents for the last eight years. It is the only parental relationship he knows. In contrast, the child has no relationship with the father. The evidence showed the child and the father were in the same gas station at the same time two weeks prior to trial in this matter and the child failed to recognize the father. The father does not even know the child's grade level. The father acknowledges the strong relationship between the grandparents and the child and his lack of any relationship to the child, but he nonetheless contests the termination of his rights even though he does not wish to resume care of the child or even initiate contact with the child. The father contends there may be a long-term benefit to the child in having the chance to build a relationship with the father at some later date. We conclude providing stability to the child now is in the child's best interests. The guardian ad litem stated T.S. was experiencing anxiety about the termination proceedings and fears he will be taken away from his grandparents. T.S.'s grandmother testified the child was experiencing anxiety. The petitioners have proved by clear and convincing evidence that it is in T.S.'s best interests to terminate his father's parental rights.

We affirm the order terminating the father's parental rights.

**AFFIRMED.**